IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LITTLEHAWK EAGLEELK,[1]<br><br>Defendant. | Case No. 20-CR-4049-LTS-KEM<br><br>**REPORT AND RECOMMENDATION RE: PRO SE MOTION TO DISMISS** |

Currently pending before the court is Defendant Littlehawk Eagleelk's pro se motion to dismiss the indictment. Doc. 105. The Government resists. Doc. 109. I recommend **denying** the motion to dismiss (Doc. 105).

As an initial matter, the Government argues that Eagleelk's motion is untimely, as it was docketed on November 28, 2022, and the pretrial-motions deadline expired on November 23, 2022. Docs. 86, 105. But Eagleelk mailed the motion on November 22, 2022. Doc. 105. Thus, I consider the motion timely, whether under the common law prison mailbox rule[2] or under a finding of good cause to extend the deadline.[3]

---

[1] The court is mindful that Defendant refers to himself as LittleHawk EagleElk in the pro se pleadings. Throughout this case, Defendant has been referred to as Littlehawk Eagleelk in Orders and pleadings; no formal motion has been made to correct the docket or Defendant's referenced named.

[2] *See Censke v. United States*, 947 F.3d 488, 490-93 (7th Cir. 2020) (discussing Supreme Court's adoption of common-law prison mailbox rule in *Houston v. Lack* and subsequent case developments).

[3] **Fed. R. Crim. P. 12(c)** (noting a court may consider an untimely motion for good cause).

Eagleelk argues that the indictment should be dismissed based on insufficient evidence before the grand jury to establish he committed the charged offenses. He takes issue with the mention of state charges against him, the Government's failure to substantiate a witness's claim that she spoke with Defendant by telephone, witness credibility generally, and evidence connecting the victim to the Defendant or a law enforcement officer. These are arguments that Eagleelk may raise at trial to challenge the sufficiency of the evidence, but they are not reasons to dismiss the indictment in this case. "A district court may not dismiss a facially valid indictment based upon a charge of insufficient evidence."[4]

Eagleelk also suggests that the Government failed to prove a sufficient nexus to interstate commerce and that federal courts have no jurisdiction over these charges. I already explained why these arguments fail when denying Eagleelk's motion for a bill of particulars. Doc. 99.

Accordingly, I recommend **denying** Eagleelk's motion to dismiss (Doc. 105).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[5] Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the

---

[4] *United States v. Piedrahita*, 791 F. Supp. 418, 420 (S.D.N.Y. 1992).

[5] **LCrR 59**.

2

Case 5:20-cr-04049-LTS-KEM    Document 114    Filed 12/09/22    Page 2 of 3

objections.[6] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[7]

**DATED** December 9, 2022.

                                               Kelly K.E. Mahoney
                                               Chief United States Magistrate Judge
                                               Northern District of Iowa

---

[6] *See* **Fed. R. Crim. P. 59**.

[7] ***United States v. Wise***, 588 F.3d 531, 537 n.5 (8th Cir. 2009).