IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR20-4049-LTS |
| vs. | |
| LITTLEHAWK EAGLEELK,[1] | MEMORANDUM OPINION AND ORDER ACCEPTING REPORT AND RECOMMENDATION |
| Defendant. | |

This case is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney. Doc. 114. Judge Mahoney recommends that I deny defendant Littlehawk Eagleelk's pro se motion (Doc. 105) to dismiss. Eagleelk has filed objections.[2] Doc. 139. Oral argument is not necessary.

## I. BACKGROUND

On June 11, 2020, the Grand Jury returned an indictment (Doc. 2) charging Eagleelk with obstructing justice by retaliating against a witness—attempted murder (Count 1), obstructing justice by retaliating against a witness—damage to property (Count 2) and possession of a firearm in furtherance of a crime of violence (Count 3). On December 13, 2022, the Grand Jury returned a superseding indictment (Doc. 117) charging Eagleelk with two counts of obstructing justice (Count 1 and 2) and possession of a firearm in furtherance of a crime of violence (Count 3). In his motion to dismiss the

---

[1] Defendant refers to himself as LittleHawk EagleElk in his pro se filings. However, throughout this case he has been referred to as Littlehawk Eagleelk in various orders and filings and he has not moved to amend the docket.

[2] While Eagleelk's objections were received past the objections filing deadline, I consider them timely due to the mailed-by date, in accordance with Judge Mahoney's application of the prison mailbox rule or, alternatively, good cause. Doc. 115 at 1.

indictment as to Counts 1 and 2, Eagleelk makes several arguments pursuant to Federal Rule of Criminal Procedure 6(b)(2),[3] including alleged prosecutorial misconduct, Grand Jury witness credibility and insufficient evidence supporting his indictment.

Judge Mahoney determined that Eagleelk's motion was timely. Doc. 114 at 1. However, she concluded that his arguments address the sufficiency of the Government's evidence and, while such arguments can be presented at trial, they cannot serve as a basis to dismiss any charges against him. *Id.* at 2. Judge Mahoney also addressed Eagleelk's jurisdictional arguments, which she noted she previously denied. *Id.*

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R in a criminal case under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

---

[3] "The motion provided by this rule takes the place of a plea in abatement, or motion to quash." Fed. R. Crim. P. 6(b)(2), Advisory Committee Note 1 (1944). A plea in abatement challenges the legal competency of jurors, *Crowley v. United States*, 194 U.S. 461, 462 (1904), including the legal qualifications of the Grand Jury panel pursuant to 28 U.S.C. § 1867(e). *See* Fed. R. Crim. P. 6(b)(2); *United States v. Knowles*, 147 F. Supp. 19, 20-21 (D.D.C. 1957). The appropriate avenue for pursuing claims regarding statutory rules governing Grand Juries is under Federal Rule of Criminal Procedure 52(a). *See Bank of Nova Scotia*, 487 U.S. 250, 254-55 (1988), *United States v. Williams*, 504 U.S. 36, 46, n.6 (1992) (explaining that *Bank of Nova Scotia* "makes clear that the [Rule 52(a)] supervisory power can be used to dismiss an indictment because of misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions" and citing to Fed. R. Crim. P. 6). There is no statutory rule proscribing a standard of evidence for Grand Jury proceedings and the Supreme Court has rejected the judicial creation of such a rule. *See Williams*, 504 U.S. at 46-47, *Kaley v. United States*, 571 U.S. 320, 328-29 (2014) ("The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime.").

2

recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Eagleelk raises two objections to the R&R. Doc. 139. First, he objects to Judge Mahoney's explanation that his motion raises arguments that do not constitute "reasons to dismiss the indictment in this case" because district courts "may not dismiss a facially valid indictment based upon a charge of insufficient evidence." *Id.* at 1 (citing Doc. 115 at 2). He also objects to Judge Mahoney's reminder that she dismissed his argument that Government failed to prove a sufficient nexus to interstate commerce and that federal

3

courts have no jurisdiction over these charges when she denied his motion for a bill of particulars. *Id.* at 2-3; Doc. 115 at 2. He states that he objects to this recitation because, at the time, he "was under the impression that all the counts in the indictment were commerce clause violations explained by previous counsel(s)." Doc. 139 at 2. Eagleelk reiterates his arguments regarding sufficiency of the Government's evidence presented to the Grand Jury, along with an objection regarding discovery, a request to review Judge Mahoney's denial of his motion for a bill of particulars and a due process argument in relation to probable cause. *Id.* at 4-6. These additional issues are not properly raised in an objection to a report and recommendation. As such, I will address only those objections that relate to Eagleelk's motion to dismiss (Doc. 105).

Based on my de novo review, I find no error in Judge Mahoney's conclusions. It is not the court's place to supervise Grand Jury proceedings, apart from reviewing alleged violations of statutory rules Congress has applied to Grand Juries. *Williams*, 504 U.S. at 47 ("Because the grand jury is an institution separate from the courts, over whose functioning the courts do not preside, we think it clear that, as a general matter at least, no such 'supervisory' judicial authority exists."). Instead, "[t]he grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." *Kaley*, 571 U.S. at 328-29. Thus, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956).

Because the indictment is valid on its own, regardless of the underlying probable cause the Grand Jury necessarily determined to be present, I agree with Judge Mahoney that Eagleelk's motion to dismiss should be denied.

## IV. CONCLUSION

For the reasons set forth herein:

1. Defendant's objections (Doc. 139) to the Report and Recommendation (Doc. 114) are **overruled**.
2. I **accept** the Report and Recommendation **without modification**.
3. In accordance with the Report and Recommendation, defendant's motion (Doc. 105) to dismiss is **denied**.

**IT IS SO ORDERED.**

**DATED** this 3rd day of January, 2023.

_____
Leonard T. Strand, Chief Judge