# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 20-CR-4049-LTS-KEM |
| vs. | **REPORT AND RECOMMENDATION** |
| LITTLEHAWK EAGLEELK, | |
| Defendant. | |

Defendant Littlehawk Eagleelk moves pro se to dismiss the indictments against him. Doc. 195. The Government resists. Doc. 199. **I recommend denying** the motion (Doc. 195).

Eagleelk argues that the Government committed "prosecutorial misconduct" in the grand jury proceedings by offering one-sided evidence and that the evidence before the grand jury is insufficient to support the second superseding indictment. Eagleelk suggests that the fact that the Government has obtained superseding indictments necessarily demonstrates the insufficiency of the previous indictments. Eagleelk admits that his motion is a "restyling" of a previous motion to dismiss the court denied.

As the court has explained to Eagleelk on numerous occasions (in writing and at hearings), insufficiency of the evidence before the grand jury is not a valid reason to dismiss an indictment. *See* Doc. 114, 145. The court has also rejected Eagleelk's arguments that the allegations in the indictment here are insufficient to establish jurisdiction. *See* Doc. 99. Eagleelk cites numerous cases (Doc. 195-1) that he argues support his jurisdictional argument, but all but two of his cited cases involve challenges to the sufficiency of the evidence *after* a conviction at trial, *not* challenges to the

sufficiency of an indictment and evidence before the grand jury. As the court has explained, Eagleelk can make his current arguments at trial to challenge the Government's proof of jurisdiction, but they are not a reason to dismiss the indictments in this case.

The two cases Eagleelk cites involving motions to dismiss do not support his argument for dismissal. In *United States v. Age*, the court denied a defendant's motion to sever trial from his codefendant when both were charged with counts related to murdering a witness "to prevent him from testifying in the Medicare fraud case," rejecting the defendant's argument that he would be severely prejudiced by evidence of the codefendant's gang-related activities; and the court denied the defendant's motion to dismiss that argued two counts—conspiracy to murder the witness to prevent him from testifying in the Medicare fraud case, and conspiracy to murder the witness in retaliation for his cooperation with law enforcement—were multiplicitous.[1] The court fails to see how this case is relevant (Eagleelk describes it as a case in which "the defendant and the victim were involved in a prior Medicare fraud case in which the victim cooperated against the defendant").

In *United States v. Cross*, the court denied a motion to dismiss an indictment charging the defendant with violating 18 U.S.C. § 1513(b)(2) (one of the charges against Eagleelk here) based on the Government's assertion in its briefing and the law enforcement officer's testimony at a hearing that the officer referenced in the indictment worked for a local (state) law enforcement agency but was "assigned to the [Drug Enforcement Administration] Task Force."[2] As I have previously noted (Doc. 99), an

---

[1] No. CR 16-32, 2020 WL 433363 (E.D. La. Jan. 28, 2020).

[2] 258 F. Supp. 2d 432, 435 (E.D. Va. 2003). The court also rejected the defendant's argument that the indictment should be dismissed for lack of an "official proceeding" under 18 U.S.C. § 1513(b)(1) when the officer testified at the hearing that a DEA investigation was underway at

indictment that tracks the elements of the statutory language, even if it does not include the definition of "law enforcement officer" that appears in the statute ("i.e., the federal connection of the law enforcement officers to whom [the victim] provided information"), is not "insufficient or inadequate to serve its function."[3] In addition, the Government has represented on numerous occasions at hearings before the court and in writing that it has provided evidence to Eagleelk "that [the victim] was a federal informant" (citing two Bates-stamped documents) and that the victim here had entered into a cooperation agreement with the DEA.[4] *See* Doc. 130. To the extent Eagleelk wishes to challenge the Government's proof of the victim's contact with federal agents (and therefore federal jurisdiction for the offense), these are issues for trial.

    I **recommend denying** Eagleelk's motion to dismiss (Doc. 195).

    Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[5] Objections must specify the parts of the Report and Recommendation

---

the time of the assault, which culminated in federal drug charges being brought against the defendant; the court held "the federal proceeding need not be pending or about to be instituted and state of mind need not be proven as to the federal character of the proceedings" (the elements of Eagleelk's charges do not include an "official proceeding"). *Id.* at 434-35.

[3] *United States v. Maggitt*, 784 F.2d 590, 598 (5th Cir. 1986).

[4] The Government has indicated it will not be relying on the federal cooperation agreement as evidence at trial, however. Doc. 130.

[5] **LCrR 59**.

to which objections are made, as well as the parts of the record forming the basis for the objections.[6] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[7]

The Clerk of Court shall mail a copy of this Report and Recommendation to Defendant Eagleelk, appearing pro se.

**DATED** April 10, 2023.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[6] *See* **Fed. R. Crim. P. 59**.

[7] ***United States v. Wise***, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

4