# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LITTLEHAWK EAGLEELK, <br><br> Defendant. | No. CR20-4049-LTS <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION** |

This case is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney. Doc. 202. Judge Mahoney recommends that I deny defendant Littlehawk Eagleelk's pro se motion (Doc. 195) to dismiss. Eagleelk has filed objections (Doc. 215). Oral argument is not necessary.

## I. BACKGROUND

On June 11, 2020, the Grand Jury returned an indictment (Doc. 2) charging Eagleelk with obstructing justice by retaliating against a witness—attempted murder (Count 1), obstructing justice by retaliating against a witness—damage to property (Count 2) and possession of a firearm in furtherance of a crime of violence (Count 3). On December 13, 2022, the Grand Jury returned a superseding indictment (Doc. 117) charging Eagleelk with two counts of obstructing justice (Count 1 and 2) and possession of a firearm in furtherance of a crime of violence (Count 3). On March 16, 2023, the Grand Jury returned a second superseding indictment (Doc. 183) that is substantially similar to the first superseding indictment.

Eagleelk filed a motion (Doc. 105) to dismiss his original indictment. I ultimately accepted Judge Mahoney's recommendation (Doc. 114) to deny that motion. Doc. 145. With regard to his current motion (Doc. 195), Judge Mahoney notes that "Eagleelk

admits that [it] is a 'restyling' of a previous motion to dismiss the court denied,"[1] and points out that the court has repeatedly explained that "insufficiency of the evidence before the grand jury is not a valid reason to dismiss an indictment." Doc. 202 at 1.

Eagleelk makes his motion to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(A)(iv)-(v), alleging "Prosecutorial Misconduct, and the lack of sufficient evidence, at the Grand Jury proceedings, in violation of his due-process rights secured by the U.S. Constitution." Doc. 195 at 1. Judge Mahoney again has determined that Eagleelk's arguments relating to the sufficiency of the evidence presented to the Grand Jury can be presented at trial, but cannot serve as a basis to dismiss any charges. Doc. 202 at 1-3; *see also* Doc. 114. Having previously accepted Judge Mahoney's recommendation as to this issue, *see* Doc. 145, I again reach the same conclusion.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R in a criminal case under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

---

[1] Eagleelk objects to this statement and says Judge Mahoney misinterpreted his comment. Doc. 215 at 1. He explains that he intended to make an argument under Federal Rule of Criminal Procedure 12, alleging prosecutorial misconduct. *Id.* I will address both arguments; however, I note his prosecutorial misconduct argument is based on his disagreement with the sufficiency of the evidence presented to the Grand Jury. *Id.* at 2-7.

2

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Eagleelk raises multiple objections to the R&R. Doc. 215. First, he states he did not intend to re-raise his sufficiency of the Grand Jury evidence and instead intended to argue that he was prejudiced by alleged prosecutorial misconduct. *Id.* at 1. Second, he argues that Judge Mahoney incorrectly stated that he "can make his current arguments at trial to challenge the Government's proof of jurisdiction, but they are not a reason to dismiss the indictments in this case." *Id.* at 2 (quoting Doc. 202 at 1). He also argues that the Government has not shown a federal cooperator relationship with the informant-victim in this case, which he asserts means the Government must show a relationship

between himself and the informant-victim to establish jurisdiction.[2] *Id.* at 2-3. Finally, Eagleelk argues that the Government improperly discussed his involvement in a robbery a few hours before alleged events leading to this case occurred. *Id.* at 3.

Based on my de novo review, I find no error in Judge Mahoney's conclusions. I again remind Eagleelk that it is not the court's place to supervise Grand Jury proceedings, apart from reviewing alleged violations of statutory rules Congress has applied to Grand Juries. *United States v. Williams*, 504 U.S. 36, 47 (1992) ("Because the grand jury is an institution separate from the courts, over whose functioning the courts do not preside, we think it clear that, as a general matter at least, no such 'supervisory' judicial authority exists."). Instead, "[t]he grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." *Kaley v. United States*, 571 U.S. 320, 328-29 (2014). Thus, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). Eagleelk's jurisdictional objections and his objection regarding the Government's discussion of evidence allegedly explaining events leading up to the events of this case are **overruled**. The fact that Eagleelk disagrees with the Government's evidence is an issue of fact to be determined by the jury at trial, not by the court.

Further, Eagleelk has not presented the required evidence to make a prima facie showing of vindictive or selective prosecution pursuant to Rule 12(b)(3)(A)(iv). The defendant has the burden of proving the Government engaged in selective prosecution or vindictive prosecution in the form of bad faith or maliciousness. *United States v. Hirsch*, 360 F.3d 860, 863-64 (8th Cir. 2004). To make a prima facie case of selective prosecution, Eagleelk "must show: (1) people similarly situated to him were not

---

[2] The statute requires the alleged victim to have a cooperator relationship with the Federal Government; it does not require the victim and the defendant to have any prior relationship.

prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." *Id.* at 864. A finding of vindictiveness "can only be made on the basis of evidence pertaining to the prosecutor's motives," and is thus a question of fact. *United States v. Leathers*, 354 F.3d 955, 961-62 (8th Cir. 2004). Charging decisions and sufficiency of indictments are not the court's purview, absent discrimination or statutory defects explained in Federal Rule of Criminal Procedure 6, because "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file, generally rests entirely in the prosecutor's discretion." *United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998) (cleaned up).

Eagleelk cites *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988), to argue that the Government's alleged misconduct during Grand Jury proceedings prejudiced him. *Bank of Nova Scotia's* holding regarding prejudice is premised on alleged defects with the Grand Jury proceeding pursuant to Federal Rule of Criminal Procedure 6. *Id.* at 253. As I have previously explained, such statutory defects must be present before the court addresses whether those defects prejudiced the defendant. Doc. 145 at 2, n.3. (citing *United States v. Williams*, 504 U.S. 36, 46, n.6 (1992), as explaining that *Bank of Nova Scotia* "makes clear that the [Rule 52(a)] supervisory power can be used to dismiss an indictment because of misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions" and citing to Fed. R. Crim. P. 6). Eagleelk has not shown any procedural defects pursuant to Rule 6. *Id.* at 3-4. Further, his disagreement with the evidence the Government presented to the Grand Jury is nothing but an argument regarding sufficiency of the evidence which, as previously explained, is an unreviewable probable cause determination made by the Government and the Grand Jury. *Id.*

Because the indictment is valid on its own, regardless of the underlying probable cause the Grand Jury necessarily determined to be present, I agree with Judge Mahoney's

5

denial of Eagleelk's motion on that ground. Additionally, Eagleelk has not made a sufficient threshold showing of selective prosecution and vindictiveness. Any future motions to dismiss based on these same grounds will be summarily denied.

## IV. CONCLUSION

For the reasons set forth herein:

1. Defendant's objections (Doc. 215) to the Report and Recommendation (Doc. 202) are **overruled**.
2. I **accept** the Report and Recommendation **without modification**.
3. In accordance with the Report and Recommendation, defendant's motion (Doc. 195) to dismiss is **denied**.

**IT IS SO ORDERED.**

**DATED** this 24th day of April, 2023.

_____
Leonard T. Strand, Chief Judge